HOAD et al. v. WINCHESTER. (No. 7465.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 6, 1926. Rehearing Denied Feb. 10, 1926.)

1. Trover and conversion ⊕⇒2—Certificates of shares in business trust held subject of conversion.

The certificates of shares of beneficial interest in a business trust organized to search for and deal in ·petroleum oil and natural gas *held* to be personal property subject to conversion.

2. Fraud ⊕⇒58(1)—Evidence held to show fraud in obtaining certificates of shares in business trust.

Two persons associated to obtain possession of shares of stock in business trust,· and who did secure possession and refused to return them although not paid for, *held* liable under evidence for actionable fraud within Acts

36th Leg. (1919) c. 43, § 1 (Vernon's Ann. Civ. St. Supp. 1922, art. 3973a).

Appeal from District Court, Bexar County; Robt. W. B. Terrell, Judge.

Action by Josiah Winchester against D. S. Hoad and another. Judgment for plaintiff, and defendants appeal. Affirmed.

Lewright & Lewright and Hicks, Hicks, Dickson & Bobbitt, all of San Antonio, for appellants.

McAskill, Williams & Alter and Gaines, Quin, Harley & Gaines, all of San Antonio, for appellee.

FLY, C. J. Appellee instituted this action against D. S. Hoad and John Scharbauer to recover damages alleged to have accrued by reason of a conspiracy formed by them to fraudulently obtain from appellee 29,500 shares of stock in the Bower Leasing Company and to convert the same to their use and benefit. The cause was submitted to a jury through special issues, and upon the responses thereto judgment was rendered in favor of appellee for $11,800 against appellants, jointly and severally. The jury found upon sufficient testimony that appellants agreed between themselves on or about November, 1923, that they would obtain possession of appellee's stock in the Bower Leasing Company for the purpose of defrauding him out of the value of the same, which agreement was carried into execution and the stock of appellee obtained through false and fraudulent representations of appellants and converted the same, and that the stock was of the value of $11,800, and that nothing was paid appellee for the stock.

[1] The case comes to this court with 47 assignments of error and 50 propositions thereunder. Through the first proposition, based on the fourth assignment of error, it is contended that the Bower Leasing Company was in fact a partnership with real estate constituting its only asset, and that the stock certificates of appellee could not form the subject-matter of conversion. The declaration of trust states that the trust was created for the purpose of engaging in the business of mining, boring, digging, pumping, manufacturing, refining, smelting, buying, selling, and otherwise producing, dealing in, transporting, and handling petroleums and other oils, natural gas, and mineral substance and products. This would indicate that the company was organized to enter into the business of searching for and dealing in petroleum oil and natural gas, and fails to say that its only asset was real estate, but, on the other hand, tends to show that it was not dealing in real estate, but oil, gas, and minerals. As a reason for forming the trust, it was stated in the declaration:

"It is believed that the business of developing oil, gas, and other mineral properties can be most profitably conducted by placing the management of same in the hands of a board of trustees possessed of a special knowledge thereof."

Provision is made for possessing property—real, personal, or mixed. One of the powers granted to the company was to issue to contributors to the fund certificates of shares of beneficial interest in the trust, and provides for the transfer of such certificates from one to another. Such certificates when issued became personal property and became a subject of conversion. Certainly the shares in the company were the property of appellee, and any interference with that property, or the exercise of dominion over it, after it was demanded by appellee, was a conversion by appellants and a denial of the owner's rights to the property for which an action will lie. Sedgewick, Damages, § 492a. The case of Stephens County v. Oil & Gas Co., 113 Tex. 160, 254 S. W. 290, 29 A. L. R. 566, has no bearing whatever on the question presented. In that case the court held that gas and oil in the earth are minerals and realty subject to ownership and sale while imbedded in the sands and rocks. What that ruling has to do with the conversion of certificates of shares in a partnership trust, or corporation, is not apparent. The proposition is untenable and is overruled.

[2] The evidence clearly shows that appellants were associated with each other to obtain appellee's shares, and that through a certain scheme they did obtain possession of them and afterwards offered an insignificant sum for the shares, and when refused it was stated by Hoad: "You had better do it or I will clean you up." When return of the stock was demanded, Hoad said:

"You can take what we are willing to give you, or you won't get anything. Scharbauer and I have been partners all along in this thing, and we are going to take this property. You can take the money I offer you, or you won't get anything."

When appellee talked to Scharbauer and asked the return of his certificates, he said: "If you have any stock, I will be pleased to talk to you." Scharbauer was told by Hoad and knew that the 29,500 shares in the possession of Hoad belonged to appellee, but he told appellee that the stock belonged to Hoad. He was acting with Hoad to defraud appellee out of the shares. Scharbauer knew that Hoad had no money to buy stock from appellee and knew that the stock had not been paid for. Knowing this, he sought to retain the property. The third, fourth, fifth, sixth, seventh, eighth, and ninth propositions are overruled.

It was provided by the 36th Legislature, chapter 43, p. 77 (Vernon's Ann. Civ. St. Supp. 1922, art. 3973a):

"Actionable fraud in this state with regard to transactions in real estate or in stock in

corporations or joint-stock companies shall consist of either a false representation of a past or existing material fact, or false promise to do some act in the future which is made as a material inducement to another party * * * and but for which promise said party would not have entered into said contract, provided however that whenever a promise thus made has not been complied with by the party making it within reasonable time, it shall be presumed that it was falsely and fraudulently made, and the burden shall be on the party making it to show that it was made in good faith but was prevented from complying therewith by the act of God, the public enemy or by some equitable reason."

The facts would bring the acts of appellants within the provisions of that act, which renders liable not only the person who makes the promise or false representation but all persons deriving the benefit of the fraud. That would embrace Scharbauer. The tenth, eleventh, twelfth, thirteenth, fourteenth, fifteenth, and sixteenth propositions are overruled.

The seventeenth, eighteenth, nineteenth, twentieth, and twenty-first propositions assail the charge of the court and are without merit, and are overruled.

The evidence justified the amount of the verdict, and the proposition presenting excess is overruled.

We have considered all of the other assignments and overrule them.

The judgment is affirmed.